IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID C. THORNTON,

    Plaintiff,

vs.

Case No. 05-1241-JTM

FRONTIER REFIINING & MARKETING, INC.,

    Defendant.

MEMORANDUM AND ORDER

    This is an action by David C. Thornton against his former employer, Frontier Refiing & Marketing, Inc., alleging violations of the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101, and the Family and Medical Leave Act, 29 U.S.C. § 2601. Thornton filed an EEOC charge on April 6, 2004, and the EEOC issued a 90-day right-to-sue letter on October 13, 2004. The present action was filed on July 27, 2005. Suit was brought long after the expiration of the 90-day period authorized by the right-to-sue letter, and Frontier has moved to dismiss the present ADA claim as time-barred.

    Thornton argues in response that the action is not time-barred, since the action was previously filed and dismissed, contending that the action was preserved by the Kansas savings

statute, KSA 60-518.

Plaintiff's argument is without merit. Controlling precedent establishes that state savings statutes are inapplicable to extend the 90-day time limit for suit in federal actions with an integral statute of limitations, such as those under the ADA or Title VII. *See Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029, 1030-31 (10th Cir. 1994); *Brown v. Hartshorne Pub. Sch. Dist. No. 1,* 926 F.2d 959, 961 (10th Cir. 1991).

The two unpublished cases cited by Thornton in his response — *Smith v. Douglas Cable Communications*, No. 93-4009-RDR, 1993 WL 455249, at *2-3 (D. Kan. Oct. 15, 1993); *Lee v. Brown Group Retail*, No. 03-2304-GTV, 2003 WL 22466187, at *2-3 (D. Kan. Oct. 6, 2003) — are inapposite since both cases involved actions under 42 U.S.C. § 1981 rather than Title VII.

Section 1981 has no explicit and discrete federal limitations period, and hence courts have held that it is appropriate to "borrow" relevant state limitations laws, including state savings statutes. Title VII, on the other hand, has an explicit federal limitations period:  a plaintiff must bring any judicial action within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1).  It is thus because "Congress has provided a federal statute of limitation for a federal claim" under Title VII, that the Tenth Circuit in Brown concluded that "state tolling and saving provisions are not applicable" to preserve Title VII actions.  926 F.2d at 961.  The ADA has such an explicit federal limitations period.  42 U.S.C. § 12117(a).

Because controlling precedent rejects application of state savings statutes to federal claims under the ADA, such as that advanced by Thornton, the present action is time-barred and the partial motion to dismiss will be granted.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2005, that the defendant Frontier's Partial Motion to Dismiss (Dkt. No. 3) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
